280                 Ellis *et al.* v. Roche *et al.*                [Sept. T.

Opinion of the Court.

## John S. Ellis *et al.*

*v.*

## Patrick J. Roche *et al.*

1. SALES—*when and in whom title of goods vests.* Where goods are shipped by one dealer to another, upon an order, if the goods are of the quality ordered, and are shipped in strict accordance with the order, the property in the goods is vested in the consignee from the time they are shipped.

2. SAME—*duty and liability of consignee of goods ordered by him.* If goods are shipped by one merchant to another, upon his order, but are not of the kind and quality ordered, the property does not vest in the consignee, and he is not bound to receive the goods, but if he holds them without, in a reasonable time after receiving them, notifying the shipper that he will not accept them, he will hold them at his own risk, and if they are destroyed or lost, he will be the loser.

APPEAL from the Superior Court of Cook county; the Hon. Theodore D. Murphy, Judge, presiding.

Mr. Adolph Moses, for the appellants.

Messrs. Shufeldt, Ball & Westover, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of assumpsit, brought to the Superior Court of Cook county, by Ellis & Curtis, partners in the wine

and liquor business in the city of New York, against Roche, Goldstein & Farrell, partners and wholesale dealers in teas, liquors and segars, in the city of Chicago. There was a trial by jury, resulting in a verdict and judgment for the defendants. To reverse this judgment, plaintiffs appeal.

The most important points made are upon the instructions, and refusing a new trial on the evidence. The goods in question were destroyed by the fire of October 9, 1871.

It appears, from the proofs in the case, that, in June, 1871, defendants ordered, through one Mr. Stern, the traveling agent of the plaintiffs, five octaves of California brandy, of the stamp of 1869, at three dollars per gallon. This order was filled, and to the satisfaction of defendants. In September following, defendants ordered, through the same Mr. Stern, five octaves more of the same goods, at the same price, on four months' time. This order was filled, as the plaintiffs allege, and the goods received by the defendants. The defendants claim that these goods so received were not the goods ordered, and were rejected by them after the receipt of the invoice, and they were not liable for their price, never having accepted them.

There is some conflict on the point of compliance by plaintiffs with the order. Roche testified that, on the 25th of September, one day after the receipt of the invoice, he and his porter, Malloy, tested the casks, with samples of the brandy received in June, and found it not to be of the same quality, but inferior, and of the stamp of 1870, which was burnt into the barrel, and worth one dollar a gallon less than the stamp of 1869.

If the goods were of the kind and description ordered, the property vested in the defendants, and was at their risk from the time it was shipped. *Diversy* v. *Kellogg*, 44 Ill. 114.

If it was not of the kind ordered, but of a different stamp, the defendants were not bound to accept it, but might, on ascertaining the difference, within a reasonable time, give notice that they declined to receive it, and thereby avoid liability. In such case, the property would not become the

property of defendants until they accepted it, or, after having a reasonable opportunity of ascertaining it was not a compliance with their order, they gave notice. Ib. 119.

Were these goods of the kind ordered? In opposition to the testimony of the defendant Roache, there is the testimony of both the plaintiffs, that the goods ordered were of the same description and stamp as the goods received by defendants in June. The defendants in none of their letters complain that the goods were not of the stamp of 1869, until after they had been destroyed by the fire. According to the testimony of Roche, the brand was burnt into the stamp, and it was of 1870. It seems almost incredible that he should not have noticed this on the 15th of September, when the goods were brought by their drayman to their store. It was the custom of Roche to examine the stamps, and a careless glance at these packages would have satisfied him they were not the goods ordered, and he should at once, in a reasonable time, have notified the plaintiffs that they would not be received, and that they were subject to their order. Timely notice of this might have enabled the plaintiffs to provide safer storage for the goods, or effect insurance upon them.

This duty the defendants did perform promptly in regard to other liquors sent by appellants to them, as appears by their letters of November 6th and 11th. They ask, in the letter of November 6, after saying, there is one barrel we can not use at any price, what disposition the appellants wished they should make of them, and they wanted this information at once. The other letter is to the same purport, with the addition, after stating the champagne was at appellants' risk, that they wish to know if it would be satisfactory to them to have it insured. Those letters show the defendants knew what their duty was, under the circumstances surrounding this transaction. They did not perform it.

Not a word of complaint that these goods were not of the quality ordered is heard from the defendants, until after they were destroyed by the fire. We think the weight of the evidence greatly preponderates in favor of the fact that these

goods were of the stamp of 1869, and if they were not of pre-
cisely the same quality, that can be accounted for on the well
known fact that goods of this description, of the same stamp,
will differ more or less in flavor and quality. If they bore the
proper stamp, and contained California brandy, the order was
fulfilled by the plaintiffs, and the goods, when shipped, were
at the risk of the defendants; but if they were not of the same
stamp, the defendants did not give notice, in a reasonable
time, they would not accept them, and the goods remained in
their store at their risk.

The reason given by defendants for not notifying plaintiffs
is, that they were awaiting the arrival of a Mr. Stern, who,
plaintiffs informed them by letter of the 22d of Septem-
ber, would call on them in a day or two after the receipt of
their letter, and correct any error in regard to these goods.
Up to this time, the only complaint defendants had made was
in their letter to plaintiffs, written two days before, on the
20th of September, and that was, that no bill of lading or
invoice came with the goods, and that they came in two differ-
ent lots, thereby occasioning additional and unnecessary ex-
pense to them. Not a word is said about the stamp. Being
burnt into the wood of the barrel, it must have been plainly
visible, and if it was not 1869, would not the defendants have
so stated in this letter? They certainly would. They would
have written to this effect: The packages have reached us—
they bear the stamp of 1870 — they are not such as were
ordered—we decline to receive them—they are subject to your
order.

It was of no advantage to defendants to have the bill of
lading if the casks had the stamp of 1870 burnt into them.
That proved they were not the goods ordered, and the duty of
defendants was plain. If they were not the kind ordered, and
plaintiffs not notified of their non-acceptance within a reason-
able time after their receipt, the defendants would still be
liable for the reasonable worth of the goods, notwithstanding
their destruction by fire, for, failing to give notice, there is an
implied appropriation of the goods to defendants' use.

Appellants complain that the instructions given for appellees were objectionable. Their view of the first instruction, and of the principle governing the case, is not entirely correct. These liquors were not at the risk of the defendants from the time they were shipped, unless they were the kind ordered by them. If they were, then they were at their risk from the time of shipment.

The third instruction is as follows: "The defendants were under no obligation to accept goods of a quality different from that they ordered; and hence, if you find that the goods sent were of a quality different from those ordered, and that the defendants did not accept them, they are not liable for their value."

This instruction was well calculated to mislead the jury, and to cause them to disregard the failure of defendants to notify the plaintiffs, in a reasonable time, of their non-acceptance, and should not have been given without this proper qualification.

The sixth instruction is also complained of as objectionable. It is also calculated to mislead. The distance separating these parties was not a subject in controversy, and was of no moment on the question of timely notice. It is notorious that the intercourse between the cities of Chicago and New York is most free and rapid, not requiring more than forty-eight hours for communications to pass between them. The jury should have been told they should take this into their consideration, when passing upon the question of reasonable time.

The eighth instruction is objectionable, as it does not state correctly the purport of the information sent by appellants. That information was contained in the letter of September 22, and does not say their agent would call upon them within a few days. It reads: Mr. Stern will have the honor of calling upon you in a day or two after the receipt of this, and will correct any error in regard to the goods in question.

If, after waiting "a day or two" after the receipt of this letter, the agent did not make his appearance, the clear duty of appellees was, to notify appellants, as they did in regard to

the goods sent in November, before spoken of. His non-appearance "in a day or two" did not justify defendants in withholding notice of non-acceptance.

For the reasons given, the judgment is reversed, and the cause remanded that a new trial may be had under proper instructions from the court.

*Judgment reversed.*